[No. 2596.]

## J. C. French v. The State.

1. Construction of a Statute.—Article 6 of the Penal Code provides that "Whenever it appears that a provision of the penal law is so indefinitely framed, or of such doubtful construction, that it cannot be understood, either from the language in which it is expressed, or from some other written law of the State, such penal law shall be regarded as wholly inoperative."

2. Same—Unlawful Practice of Medicine.—Article 398 of the Penal Code, regulating the practice of medicine in this State, requires that the certificate or diploma of a person authorized to practice medicine shall be recorded in the office of the *district* clerk, while Article 3635 of the Revised Statutes provides that such certificate shall be recorded in the office of the *county* clerk. *Held*, that the two articles cannot be reconciled by any rule of construction, and that Article 398 of the Penal Code must be treated as wholly inoperative; wherefore an indictment found thereunder charges no offense against the laws of this State.

Appeal from the County Court of Caldwell. Tried below before the Hon. J. D. Rice, County Judge.

The information charged the unlawful practice of medicine in Caldwell county, Texas, and was framed under Article 398 of the Penal Code. The verdict of guilty assessed the punishment of the appellant at a fine of fifty dollars.

It was proved, in behalf of the State, that the appellant practiced medicine, for pay, prior to filing his certificate of qualification for record in the District Court.

*Nix, Storey & Storey*, for the appellant.

*J. H. Burts*, Assistant Attorney General, for the State.

WILLSON, JUDGE.    Appellant was convicted of violating Article 398 of the Penal Code, which reads as follows: "If any person shall hereafter engage in the practice of medicine, in any of its branches or departments, for pay, or as a regular practitioner, without having first filed for record with the clerk of the District Court of the county in which such person may reside or sojourn, a certificate from some authorized board of medical examiners, or a diploma from some accredited medical college, he shall be punished," etc.

It is to be noted that the above article requires the certificate or diploma to be filed for record with the clerk of the *District* Court.    Article 3635 of the Revised Statutes requires the certificate to be recorded in the office of the clerk of the *County* Court. In the original Act of 1876 the certificate was required to be recorded in the office of the clerk of the District Court, as is now required by Article 398 of the Penal Code; but in revising the Statutes the commissioners changed the civil statute regulating the practice of medicine by requiring the certificate to be recorded in the office of the clerk of the County instead of District Court, and failed to make a corresponding change in Article 398 of the Penal Code.

Article 3633 of the Revised Statutes provides as follows: "When the board shall be satisfied as to the qualifications of an applicant, they shall grant to him a certificate to that effect, which certificate shall entitle the person to whom granted to practice medicine in any county, when the same has been recorded as required by Article 3635," that is, when the same has been recorded in the office of the clerk of the *County* not *District* Court.    These statutes, the civil and the penal, are, in respect to the place of record of the certificate, conflicting.    By the civil statute the physician who has his certificate recorded with the clerk of the county court is entitled to practice medicine.    By the penal statute he is guilty of an offense if he practices medicine for pay or as a regular practitioner without first having filed for record his certificate with the clerk of the district court. These statutes, being contemporaneous and *in pari materia,* must be construed together, and, if possible, reconciled and both made to stand.

It was evidently an oversight of the revisers that occasioned the difference between the two statutes; but the difference, no matter how it occurred, exists, and the question for us to determine is its effect.    We are unable to reconcile the two statutes.

One must therefore prevail over the other in so far as the place of the record of the certificate is involved, and in this conflict we think the civil statute must take precedence of the penal one. Article 6 of the Penal Code provides that, "Whenever it appears that a provision of the penal law is so indefinitely framed, or of such doubtful construction, that it cannot be understood, either from the language in which it is expressed, or from some other written law of the State, such penal law shall be regarded as wholly inoperative." We think Article 398 of the Penal Code is within the scope of Article 6, just quoted, and must be held to be wholly inoperative, because, when compared with the civil statutes it is of such doubtful construction that it cannot be understood. Such being our view of the law, we hold that the indictment in this case charges no offense against the law of this State, and that the court erred in overruling defendant's motion to quash the same.

The judgment of the court below is reversed and the prosecution is dismissed.

*Reversed and dismissed.*

Opinion delivered April 25, 1883.